UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

| | |
|---|---|
| JUAN CARLOS VELOZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CANTERBURY LAMP SHADE STUDIO, | ) |
| INC. f/k/a ROSEART LAMPSHADES, | ) |
| INC.; NICHOLAS "NICK" CAVALLO, SR.; | ) |
| and NICHOLAS CAVALLO, JR., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff JUAN CARLOS VELOZA ("Plaintiff") sues Defendants CANTERBURY

LAMP SHADE STUDIO, INC. f/k/a ROSEART LAMPSHADES, INC., NICHOLAS "NICK"

CAVALLO, SR. and NICHOLAS CAVALLO, JR. (collectively, "Defendants"), and alleges:

1.      This is an action to recover money damages for unpaid overtime wages under the

laws of the United States, for unpaid wages under Florida common law, and for retaliation under

Florida Statutes Section 440.205[1]. This Court has jurisdiction pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.      The Court has supplemental jurisdiction over the state law claims for unpaid

wages and for retaliatory discharge because the facts regarding Plaintiff's state law claims are so

related to the Federal claims that they form part of the same case or controversy.

---

[1] The Plaintiff has filed a Charge of Discrimination with the EEOC. Once the EEOC issues its Notice of Right to Sue, the Plaintiff will seek leave to amend the instant complaint to include counts of disability/handicap discrimination and retaliation.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

3.     Defendant CANTERBURY LAMP SHADE STUDIO, INC. f/k/a ROSEART

LAMPSHADES, INC. ("Canterbury") is corporation duly authorized to do business under the

laws of the State of Florida. Canterbury conducts business in Broward County, Florida. At all

times material hereto, Canterbury engaged in interstate commerce.

4.     The acts or omissions giving rise to this Complaint occurred in whole or in part in

Broward County, Florida.

5.     Plaintiff is a covered employee for purposes of the Act.

6.     All conditions precedent to bringing this action have occurred, been performed or

been excused.

7.     Plaintiff has retained the undersigned counsel in order that his rights and interests

may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys'

fee.

**COUNT I: WAGE AND HOUR STATUTORY**
**VIOLATION AGAINST CANTERBURY**

8.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1

through 7 above as if set out in full herein.

9.     This action is brought by Plaintiff to recover from Canterbury unpaid overtime

compensation, as well as an additional amount as liquidated damages, costs, and reasonable

attorney's fees under the provisions of 29 U.S.C. § 201 et seq. and also under the provisions of

29 U.S.C. § 207.

10.     29 U.S.C. § 207 (a)(1) states: "No employer shall employ any of his employees…

for a work week longer than 40 hours unless such employee receives compensation for his

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

11.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Canterbury is and, at all times pertinent to this complaint was, engaged in interstate commerce. At all times pertinent to this complaint, Canterbury operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Canterbury obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of Canterbury was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the Act's requirements.

12.     By reason of the foregoing, Canterbury is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff was engaged in interstate commerce for Canterbury. Canterbury's business activities involve those to which the Act applies. Canterbury is a company engaged in the manufacture of lampshades and, through its business activity, affects interstate commerce. Plaintiff's work for Canterbury likewise affects interstate commerce. Plaintiff was employed by Canterbury as a welder for Canterbury's business.

13.     While employed by Canterbury, Plaintiff routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one-half times the regular rate at which he was employed.

14.     Plaintiff was paid approximately $1,400 per week.

15.     Plaintiff was an employee of the Defendants and not an independent contractor of the Defendants.

16.     However, when Plaintiff worked more than 40 hours per week for Canterbury, he was not compensated time and one half for the hours he worked in excess of 40 per week. On average, Plaintiff worked 50 hours per week in 2014 and between 40-45 hours per week in 2015 through 2017.

17.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of his unpaid wages is as follows:

   a.  **Overtime Wages**
       i.  $1,400/45 = $31.11 x .5 (overtime rate) = $15.55 x 5 (approximate weekly overtime) x 150 (compensable weeks) = $11,666.67

   b.  **Liquidated Damages**: $11,666.67

   c.  **Grand Total**: $23,333.34 plus reasonable attorney's fees.

18.     At all times material hereto, Canterbury failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Canterbury to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the Act.

19.     Canterbury knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Canterbury as set forth above, and Plaintiff is entitled to recover double damages. Canterbury never posted any notice, as required by Federal law, to inform employees of their federal rights to overtime wage payments.

20.     Canterbury willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Canterbury as set forth above.

21.     Canterbury willfully and intentionally failed to keep records of all hours worked by Plaintiff and of all payments made to Plaintiff pursuant to the Act and the Code of Federal Regulations.

22.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.     Enter judgment for Plaintiff and against Canterbury on the basis of Canterbury's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty per week, with interest; and

C.     Award Plaintiff an equal amount in double damages/liquidated damages; and

D.     Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY PLAINTIFF AGAINST NICHOLAS "NICK" CAVALLO, SR. AND NICHOLAS CAVALLO, JR.

23.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 above as if set out in full herein.

24.     At the times mentioned, Defendants, NICHOLAS "NICK" CAVALLO, SR. and NICHOLAS CAVALLO, JR. ("Individual Defendants") were, and are now, owners/officers/supervisors of Canterbury. The Individual Defendants are employers of Plaintiff within the meaning of Section 3(d) of the Act in that these Individual Defendants acted directly in the interests of Canterbury in relation to its employees, including Plaintiff. The Individual Defendants had operational control of the business and are jointly and severally liable for Plaintiff's damages.

25.     The Individual Defendants were and are, at all times relevant, persons in control of Canterbury's financial affairs and can cause Canterbury to compensate (or not to compensate) its employees in accordance with the Act.

26.     The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Canterbury as set forth above.

27.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.      Enter judgment for Plaintiff and against the Individual Defendants on the basis of Individual Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.      Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C.      Award Plaintiff an equal amount in double damages/liquidated damages; and

D.      Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.      Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: RETALIATORY DISCHARGE UNDER
## 440.205, FLORIDA STATUTES (CANTERBURY ONLY)

28.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 7 above as if set out in full herein.

29.      This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

30.      This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs.

31.      The Defendant is a corporation existing under the laws of the State of Florida and conducting business in Broward County, Florida.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800                Telephone: 305.503.5131
Aventura, Florida 33180                              Facsimile: 888.270.5549

32.     The acts or omissions giving rise to this complaint occurred in whole or in part in Broward County, Florida.

33.     At all times relevant, Plaintiff was employed by Canterbury as a welder.

34.     On or about December of 2016, Plaintiff suffered a work-related injury.

35.     Plaintiff immediately notified Canterbury of the work-related injury and requested medical treatment.

36.     Canterbury took Plaintiff to doctors to treat Plaintiff's injury. However, upon information and belief, Canterbury did not report Plaintiff's accident to its worker's compensation carrier.

37.     On or about March 31, 2017, Canterbury fired Plaintiff.

38.     Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason or one of the motivating factors for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation or benefits under the Workers' Compensation law, as Plaintiff was entitled to do.

39.     One of the motivating factors, which caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

40.     Alternatively, the Plaintiff would not have been fired but for his claiming or attempt to claim worker's compensation benefits as described above.

41.     Canterbury's act of discharging of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

42.     By reason of Canterbury's wrongful act as described above, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

43.     Canterbury's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Canterbury for all back wages from the date of discharge and all other damages available under 440.205 Florida Statutes; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

## COUNT IV: UNPAID WAGES UNDER FLORIDA COMMON LAW

44.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 7 above as if set out in full herein.

45.     Canterbury employed Plaintiff from approximately October of 2006 through March 31, 2017.

46.     Defendants employed Plaintiff as a welder and contracted with Plaintiff to pay him $1,400 per week.

47.     All work performed by the Plaintiff for Canterbury occurred in Florida.

48.     Canterbury has not paid Plaintiff his last paycheck for wages.

49.     Canterbury owes Plaintiff his last paycheck.

50.     As a result, Plaintiff has been damaged.

51.     Canterbury owes Plaintiff his wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should the Plaintiff prevail on this claim.

52.     Plaintiff has retained undersigned counsel to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiff respectfully requests this Court grant the following relief:

A.     An award to Plaintiff for actual damages in the amount shown to be due for unpaid wages, with interest;

B.     Costs of this action, together with reasonable attorneys' fees;

C.     Such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable as of right.

Dated: June 28, 2017.

Respectfully submitted,

By:  _s/ R. Martin Saenz
R. Martin Saenz, Esq.
Fla. Bar No.: 640166
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
msaenz@saenzanderson.com