UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-61273-CIV-DIMITROULEAS

JUAN CARLOS VELOZA,

    Plaintiff,

vs.

CANTERBURY LAMP SHADE STUDIO,
INC. f/k/a ROSEART LAMPSHADES, INC.;
NICHOLAS "NICK" CAVALLO, SR.;
and NICHOLAS CAVALLO, JR.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT III FOR LACK OF SUPPLEMENTAL JURISDICTION

THIS CAUSE is before the Court on the Defendant, Canterbury Lamp Shade Studio, Inc.'s Motion to Dismiss Count III of Plaintiff's Complaint (the "Motion") [DE 10]. The Court has carefully considered the Motion [DE 10], the Response [DE 12], the Reply [DE 14], and is otherwise fully advised in the premises.

### I.    Background

Plaintiff initiated this action on June 28, 2017. [DE 1]. Defendants are Plaintiff's former employer. Plaintiff claims Defendants violated the wage and hour provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"). [DE 1 at 1-7]. Plaintiff also alleges, in Count III, that Defendants fired him in retaliation for filing a worker's compensation claim in violation of Fla. Stat. § 440.205. [DE 1 at 7-9].

In the instant Motion, Defendants argue that Count III should be dismissed for lack of subject matter jurisdiction, as there is no independent basis for jurisdiction over this state law

claim, and supplemental jurisdiction is lacking. The Court agrees.

## II.     Standard of Review

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Beavers v. A.O. Smith Elec. Products Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (quoting *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255 (11th Cir. 2000)); *see also* Fed. R. Civ. P. 12(h)(3). The burden is on the Plaintiff to "affirmatively allege facts demonstrating the existence of jurisdiction." *Id.* (quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994)).

## III.    Discussion

Since the Court does not have independent federal question or diversity jurisdiction over the state law claims, the Court's exercise of jurisdiction depends on whether that claim is "part of the same case or controversy" as required for supplemental jurisdiction. 28 U.S.C. § 1367(a).   The test for exercising supplemental jurisdiction "is whether the claims asserted 'derive from a common nucleus of operative fact.' We take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) ("In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence."). A federal court's power to

exercise jurisdiction over pendent state claims ordinarily is determined on the pleadings. *Gibbs*, 383 U.S. at 727–28.

The Court does not have supplemental jurisdiction over the state law claim because it does not arise out of a common nucleus of operative facts in relation to the FLSA claims.

The state law claim, regarding retaliatory discharge, does not arise out of a common nucleus of operative facts in relation to the FLSA unpaid wage claims, and would not otherwise involve the same or similar evidence or facts. Based on the allegations in the Complaint, the only commonality appears to be that Plaintiff had an employer-employee relationship with Defendants. In an FLSA claim, the facts and evidence would revolve around plaintiff's status as a non-exempt employee, the number of hours worked, hourly wage, and the amount that was paid. In contrast, in the state law claim, the facts and evidence will focus on the circumstances of his termination. Accordingly, as the FLSA claim and the state law claims do not derive from a common nucleus of operative facts, supplemental jurisdiction under § 1367(a) is lacking.

### IV.   Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Motion [DE 10] is **GRANTED**. Count III of the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may pursue this state law claim in state court.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 12th day of October, 2017.

*[Signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record